CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 12 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:11-cr-00033-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARLON CLIFTON WHITELEY, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Marlon Clifton Whiteley, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. I previously sentenced Petitioner to, inter alia, 101 months' incarceration, consisting of 41 months' incarceration for possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and 60 months' incarceration for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner presently challenges his sentence for the § 841(a)(1) conviction, arguing that none of his state-court convictions should have been used as an enhancement in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

I did not apply an enhancement found in Chapter Four of the United States Sentencing Guidelines to Petitioner's sentence, as he alleges. Instead, I relied on Petitioner's state-court convictions merely to calculate a criminal history category for the United States Sentencing Guidelines. Furthermore, Simmons does not apply to Petitioner's case because he was not convicted of a crime for which a predicate felony conviction was necessary.[1] Accordingly, Petitioner's arguments do not have a factual basis, and I dismiss the § 2255 motion because it plainly appears that Petitioner is not entitled to relief. Based upon my finding that Petitioner has

---

[1] Simmons holds that a defendant must have been previously convicted of an offense for which he could be sentenced to a term exceeding one year in order for that conviction to be a predicate felony conviction for the Armed Career Criminal Act. 649 F.3d at 243.

not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 12th day of November, 2013.

                                                Senior United States District Judge